# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| 5J HOLDINGS, LLC, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|   v. | )   Case No. 4:22-CV-00858 JAR |
| | ) |
| OLD SOUTH TRADING CO., LLC, et al., | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on motions to dismiss filed by Defendant Edwin N. Church, Jr. (Doc. No. 20) and Defendants Brendan Church and Old South Trading Co., LLC ("Old South") (Doc. No. 35). Defendants argue that Plaintiffs have failed to establish diversity jurisdiction in this matter and that the Court therefore lacks subject matter jurisdiction over the case. Defendants further argue this Court lacks personal jurisdiction over them and that venue is improper. Lastly, Defendants argue that the complaint should be dismissed for failure to state a claim. The motions are fully briefed and ready for disposition.

When presented with a motion to dismiss pursuant to Rule 12(b)(1) along with a motion to dismiss on other grounds, the Court must decide the Rule 12(b)(1) motion first. See Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006) ("In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments.").

The diversity jurisdiction statute, 28 U.S.C. § 1332, requires complete diversity of citizenship between plaintiffs and defendants. Buckley v. Control Data Corp., 923 F.2d 96, 97, n.6 (8th Cir. 1991). To establish complete diversity of citizenship, a complaint must include

factual allegations of each party's state of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987); see 28 U.S.C. § 1332(a). For limited liability companies such as Old South, the Court must examine the citizenship of each member of the limited liability company for purposes of diversity jurisdiction. GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). Further, the citizenship of a trust entity is determined based on the citizenship of all the trustees. See Alper v. Marsh, USA, Inc., No. 4:18CV378 CDP, 2018 WL 1726627, at *2 (E.D. Mo. Apr. 10, 2018) (citing Americold Realty Trust v. Conagra Foods, Inc., 136 S. Ct. 1012 (2016)).

The Amended Complaint alleges there is complete diversity among the parties in that Plaintiffs 5J Holdings, LLC, the Swindler Family Revocable Trust, Robert S. "Scott" Swindler, Directed Trust Co. FBO Robert S. Swindler Roth IRA, the Petersen Family Trust, the Entrust Group, Inc. FBO Kelly M. Thoenen IRA 7230013897, Bruce Investments, and Stephen Lowery are "incorporated/located" in Missouri (AC, Doc. No. 12 at ¶ 1); Plaintiffs Jason Deyo and Steven Kinney, Jr. are "located" in Texas (id. at ¶ 2); Plaintiffs Garry Brumels and Chad Eisenga are "located" in Iowa (id. at ¶ 3); Defendant Old South Trading Co., LLC is incorporated in Tennessee (id. at ¶ 5); and Defendants Brendan Church and Edwin N. "Chuck" Church, Jr. both "reside" in South Carolina (id. at ¶¶ 6, 7).

While the complaint sufficiently alleges the citizenship of the Church Defendants, see Reece v. Bank of New York Mellon, 760 F.3d 771, 777-78 (8th Cir. 2014) (it is sufficient to plead that someone "resides" or is "domiciled" in a state for purposes of diversity jurisdiction), the allegations are insufficient to establish the citizenship of the remaining parties. The complaint alleges that Defendant Old South Trading Co., LLC is incorporated in Tennessee. However, an

LLC's citizenship is that of its members for purposes of diversity jurisdiction; merely alleging where an LLC is located or principally conducts business is insufficient. GMAC, 357 F.3d at 828-29; see also Americold Realty Trust, 136 S. Ct. at 1014-15 (noting that a "non-corporate artificial entity … possesses its members' citizenship). The complaint further alleges the individual Plaintiffs are located in Missouri, Texas, and Iowa as opposed to saying they are "citizens" of, are "domiciled" in, or that they "reside" in those states. See id. Similarly, the complaint alleges the trust entity Plaintiffs are located in Missouri when the citizenship of a trust entity is determined based on the citizenship of its trustees, Americold Realty Trust, 136 S. Ct. at 1014-15.

Based on the foregoing, the Court cannot determine whether it has subject matter jurisdiction over this action. The Court will grant Plaintiffs fourteen (14) days to file an amended complaint alleging the requisite diversity of citizenship of the parties. See 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); see also Dubach v. Weitzel, 135 F.3d 590, 593 (8th Cir. 1998). Plaintiffs' failure to timely and fully comply with this Order will result in the dismissal of this case for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that **no later than December 22, 2022**, Plaintiffs shall file an Amended Complaint alleging facts sufficient to establish the state(s) of citizenship of the parties.

Dated this 8th day of December, 2022.

*John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

3