UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| 5J'S HOLDING, LLC, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:22CV858 JAR |
| ) | |
| OLD SOUTH TRADING CO., LLC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on its review of the record. On August 8, 2023, the Court held a hearing on Emily C. Taube and Burr & Forman LLC's Unopposed Motion to Withdraw as Attorney for Defendant Old South Trading Co., LLC ("Old South"). Defendant Brendan Church, the corporate representative for Old South, was unable to appear via zoom and called in over the telephone. Brendan Church confirmed he was able to hear the proceedings. The Court explained that a corporation cannot continue *pro se*, and if Old South is without counsel in this case, adverse actions can be taken. Brendan Church confirmed he understood, and he had no objection to the Motion. The Court granted the motion to withdraw and ordered that Old South had fourteen days to obtain counsel in this case [ECF No. 93]. To date, Old South has not obtained counsel.

It is well established that a corporation may not represent itself in federal court and may not be represented by an individual other than licensed counsel. *See, e.g., United States v. Lylalele, Inc.*, 221 F.3d 1345 (8th Cir. 2000) ("[C]orporations and trusts cannot appear in federal court without legal representation."); *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel…"); *Carr Enterprises, Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983) ("It is settled law that a corporation may be represented only by licensed counsel."). "Entry of a default judgment is appropriate where a defendant

corporation fails to comply with a court order to obtain counsel." *Woods v. KC Masterpiece*, No. 4:04-CV-936 CAS, slip op. at 1 (E.D. Mo. May 14, 2006) (quotation omitted).

The Court warned Old South adverse actions would be taken if it did not obtain counsel and its deadline to do so has passed by over thirty days. Therefore, because Old South cannot proceed *pro se* in federal court, the Court will strike Old South's pleadings, including its Motion to Dismiss [ECF No. 74], and direct Plaintiffs to seek a Clerk's Entry of Default pursuant to Federal Rule of Civil Procedure 55(a).

The Motion to Dismiss [ECF No. 74] was also filed on behalf of Brendan Church. On June 7, 2023, the Court ordered a stay to Brendan Church [ECF No. 81] in light of his Notice of Filing Bankruptcy [ECF No. 80]. Because his case is currently stayed, the Court will deny the Motion as moot as to Brendan Church. Once the stay is lifted, the Court will give Brendan Church thirty (30) days to refile his Motion if he wishes to do so.

Accordingly,

**IT IS HEREBY ORDERED** that Old South has failed to obtain counsel and cannot proceed *pro se* in federal court. Old South's pleadings, including its Motion to Dismiss [ECF No. 74], are **STRICKEN** from the record as to Old South only. Plaintiffs are directed to seek a Clerk's Entry of Default against Old South pursuant to Federal Rule of Civil Procedure 55(a) within fourteen (14) days from the date of this Order.

**IT IS FURTHER ORDERED** that Brendan Church's Motion to Dismiss [ECF No. 74] is **DENIED as moot.** Once the stay is lifted, Brendan Church is given thirty (30) days to refile his Motion.

Dated this 27th day of September, 2023.

JOHN A. ROSS
**UNITED STATES DISTRICT JUDGE**

2